UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MARY L. PROUT, ) | |
| ) | |
| Plaintiff, ) | Action No. 5:13-cv-384-JMH-REW |
| ) | |
| v. ) | |
| ) | |
| PRG REAL ESTATE ) | **MEMORANDUM OPINION AND ORDER** |
| MANAGEMENT, INC. and ) | |
| ESIS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon motions for summary judgment by Defendants PRG Real Estate Management, Inc. [DE 16] and ESIS, Inc. [DE 17]. Plaintiff filed a consolidated response to the motions, [DE 21], and the Defendants have filed replies, [DE 22, 26]. The Court has considered the parties' arguments and, for the following reasons, will grant Defendants' motions for summary judgment.

**I.   BACKGROUND**

During the relevant time period, Plaintiff resided at Saddlebrook Apartments in Lexington, Kentucky, which was owned and operated by Defendant PRG Real Estate Management, Inc. ("PRG"). On July 2, 2012, Plaintiff sustained injuries when she fell on a sidewalk located at the apartments. Plaintiff claims that the sidewalk was unsafe and in a state of disrepair. After

reporting the incident to PRG, Plaintiff was put into contact with a representative of ESIS, Inc. ("ESIS"), the third-party administrator for PRG's self-insurance plan. Plaintiff reports that ESIS repeatedly assured her that they wanted to resolve the matter without litigation and began paying medical bills as they were submitted. On August 13, 2013, after the one-year statute of limitations had run, ESIS asked Plaintiff to submit a settlement demand. She promptly made a demand for $400,000, which was denied on September 24, 2013.

On October 18, 2013, Plaintiff filed suit in Fayette County Circuit Court, alleging that PRG was negligent for failing to maintain its sidewalks and that ESIS violated Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") and engaged in bad faith through its handling of her claim.[1] Defendants removed the case to this Court on November 11, 2013.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The mere existence of a scintilla of

---

[1] Plaintiff also asserted bad faith claims against PRG but acknowledged in her response to PRG's motion for summary judgment that she had no such viable claims and did not oppose PRG's motion for summary judgment with respect to the bad faith claims against it.

2

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). The moving party has the initial burden to identify those parts of the record that establish the absence of a material issue. *Chao v. Hall Holding Co., Inc.,* 285 F.3d 415, 424 (6th Cir. 2002). Once the moving party has made this showing, the non-moving party is required to go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue of fact. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). In considering a motion for summary judgment, however, the Court will draw all reasonable inferences in favor of the non-moving party. *Liberty Lobby,* 477 U.S. at 255.

**III. DISCUSSION**

    **A. ESIS'S Motion For Summary Judgment**

In her complaint, Plaintiff averred that ESIS was PRG's insurer. Both ESIS and PRG contend, however, that ESIS was merely a third-party claims administrator for PRG's self-insurance program. In support of its motion for summary judgment, ESIS filed in the record a "risk management services agreement," dated September 11, 2011, and signed by both Defendants. The document outlines the terms of Defendants'

3

agreement, making clear that claim payments were the obligation of PRG, not ESIS. Plaintiff has failed to dispute the authenticity of the contract or to identify any evidence indicating that ESIS was actually an insurer.[2]

Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") and the tort of bad faith "apply only to those persons or entities who are 'engaged . . . in the business of entering into contracts of insurance.'" *Davidson v. Am. Freightways, Inc.,* 25 S.W.3d 94, 102 (Ky. 2000) (citing K.R.S. § 304.1-040). Further, under Kentucky law, a bad faith claim requires a contractual obligation to pay a claim under an insurance policy. *Ky. Nat'l Ins. Co. v. Shaffer,* 155 S.W.3d 738, 742 (Ky. Ct. App. 2004); *see also Lisk v. Larocque,* 3:07-cv-718-S, 2008 WL 2116466, at *2 (W.D. Ky. May 19, 2008) (finding that *Davidson* barred bad faith claim against claims adjuster with no contractual obligation to pay claims). Defendants' risk management services agreement demonstrates that ESIS, as PRG's claims administrator, had no contractual obligation to make payment to Plaintiff.

---

[2] Generally, when a party fails to object to evidentiary materials submitted by the opposing party in support of summary judgment, such objections are deemed waived. *Lauderdale v. Wells Fargo Home Mortg.,* 552 F. App'x 566, 572 (6th Cir. 2014) (citing *Wiley v. United States,* 20 F.3d 222, 225-26 (6th Cir. 1994)). Because Plaintiff fails to dispute ESIS's characterization as a third-party claims administrator, the Court considers this fact undisputed for the purposes of these motions. *See* Fed. R. Civ. P. 56(e)(2); *see also* Plaintiff's response in opposition to summary judgment, DE 21 at Page ID # 138 (describing ESIS as PRG's "risk management service").

4

Additionally, even if the Court viewed the issue in light of ESIS's agency relationship with PRG, any bad faith claim is barred because PRG is not in the business of entering into contracts for insurance. *See Davidson,* 25 S.W.3d at 102. Because there is no genuine question as to whether a contractual obligation to pay existed, ESIS is entitled to summary judgment.

**B.  PRG'S MOTION FOR SUMMARY JUDGMENT**

Under Kentucky law, the statute of limitations for a negligence claim is one year. *Phillips v. Lexington-Fayette Urban Cnty. Gov't,* 331 S.W.3d 629, 634 (Ky. Ct. App. 2010) (citing K.R.S. § 413.140(1)(a)).  Here, Plaintiff's negligence claim accrued the day she fell and sustained injuries, July 2, 2012. *See Lane v. Richards,* 256 S.W.3d 581, 583 (Ky. Ct. App. 2008) (cause of action accrues when claimant knows, or reasonably should know, that injury has occurred). Plaintiff suggests, however, that the statute of limitations with respect to her negligence claim against PRG should be tolled based on ESIS's conduct in handling her claim.

Assuming, but not deciding, that ESIS's conduct toward Plaintiff is imputed to PRG, Plaintiff's claims against PRG fail. Tolling the statute of limitations is appropriate only where the defendant has "induced inaction on the part of plaintiff by his false representations or fraudulent

5

concealment." *Miller v. Thacker,* 481 S.W.2d 19, 22 (Ky. 1972). The fraudulent action "must be of a character to prevent inquiry or elude an investigation or otherwise mislead the party having [a] cause of action, and such party is under the duty to exercise reasonable care and diligence." *Id.* (quoting *Burke v. Blair,* 349 S.W.2d 836, 838 (Ky. 1961)) (alteration added).

Plaintiff contends that ESIS representatives made the following statements to her: "that they were the insurance company for PRG;" that the matter "could be worked out between [Plaintiff and ESIS] without needing to involve attorneys;" and "because of Medicare subrogation and because [Plaintiff] was still treating, they were unable to discuss settlement of the personal injury claim." Kentucky courts have long held that plaintiffs generally do not have a right to rely on the representations of an adversary when pursuing an insurance claim. *See Pospisil v. Miller,* 343 S.W.2d 392, 394 (Ky. 1961) (plaintiff not entitled to rely on representations of insurance adjuster). Rather, the court noted, the plaintiff "should have consulted an attorney, or someone whose interest was not adverse to his in regard to the subject-matter." *Id.* (citation omitted). Further, a plaintiff is presumed to know the applicable statute of limitations. *See id.; see also Cuppy v.*

*Gen. Accident Fire & Life Assurance Corp.,* 378 S.W.2d 629, 631 (Ky. 1964).

In arguing that the circumstances at hand warrant tolling the statute of limitations, Plaintiff relies upon *Miller v. Thacker,* 481 S.W.2d 19 (Ky. 1972). In *Thacker,* the Kentucky Supreme Court stated that the relevant inquiry was whether, considering all of the facts and circumstances, the plaintiff was justified in relying upon the representations of an insurance adjuster. *Miller,* 481 S.W.2d at 23. *Miller* is distinguishable from the instant case in many respects, however. *Miller* involved a Mississippi resident who was injured in Kentucky, implicating differing statutes of limitation, different statutes prescribing the age of majority, misrepresentations that the plaintiff was a minor, and the specific promise that the plaintiff's plastic surgery would be covered without respect to timing. *Id.* at 20-23. Plaintiff has failed to identify any factors to persuade the Court that a Kentucky court would toll the statute of limitations in the instant matter. While the Court takes Plaintiff's assertions as true, "mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead the statute of limitations." *Id.* (citing *Cuppy,* 378 S.W.2d at 631). Tolling the statute of limitations requires "fraudulent action" of such

7

character that it prevents inquiry or eludes investigation or is otherwise misleading—plaintiffs have a duty to exercise reasonable care and diligence. *Id.* (citing *Burke v. Blair,* 349 S.W.2d 836, 838 (Ky. 1961)). Accordingly, the statute of limitations has expired as to Plaintiff's negligence claim against PRG and summary judgment is appropriate.

### C. EVIDENTIARY ISSUES

Plaintiff requests additional time to conduct discovery, arguing that ESIS possesses information that impacts the tolling of the statute of limitations in this matter. The Court notes that pursuant to the scheduling order, the period for fact discovery in this case does not conclude until December 31, 2014. [*See* DE 14.] Before ruling on a motion for summary judgment, the Court is obliged to provide the parties adequate time for discovery, which is determined in light of the circumstances of the case. *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)). In deciding whether to defer ruling and grant additional time, one factor the Court must consider is whether the desired information could change the outcome of the motion for summary judgment. *See id.* at 1196-97. Since the viability of Plaintiff's claim against PRG depends on representations ESIS allegedly made *to Plaintiff,* the

8

Court is unpersuaded that further discovery would uncover any information that could change the outcome of Defendants' motions. If ESIS made additional representations upon which Plaintiff wished to base her claims, she at least could have made reference to them in her affidavit, which is properly before the Court. Ultimately, Plaintiff has not identified any specific basis for additional discovery and has not established that the additional facts sought are essential to justify her opposition, as required by Federal Rule of Civil Procedure 56(d).

Defendants object to the Court's consideration of two of Plaintiff's exhibits on the basis that the documents have not been authenticated. An affidavit used to support or oppose a motion for summary judgment must be sworn to by the affiant before an "officer authorized to administer oaths." *Worthy v. Mich. Bell. Tel. Co.,* 472 F. App'x 342, 343 (6th Cir. 2012) (quoting *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 475 (6th Cir. 2002)). Declarations may also be used to support or oppose motions for summary judgment, but they must be made under penalty of perjury, certified as true and correct, signed, and dated. *Id.* (citing *Pollock v. Pollock,* 154 F.3d 601, 612 n.20 (6th Cir. 1998)). The Rule 56(d) affidavit of Plaintiff's counsel has not been notarized or even signed by Counsel, thus,

9

it is not properly before the Court. Even if the Court considered Counsel's affidavit, however, it does not meet the requirements of Federal Rule of Civil Procedure 56(d) for the reasons stated above.

Defendants also contend that the Court should not consider a printed email exchange between Plaintiff and ESIS representative Vincent Caruso because the document has not been authenticated. Circumstantial evidence including the context of the exchange and email addresses that appear in the document support Plaintiff's assertion that it is an email exchange that occurred between Plaintiff and Vincent Caruso, a representative of ESIS. Additional support for the document's authenticity is found in Plaintiff's affidavit, in which she discusses her conversations with Caruso. Ideally, Plaintiff would have provided more direct evidence to demonstrate that the email was authentic. *See Devbrow v. Gallegos,* 735 F.3d 584, 586-87 (7th Cir. 2013). The Court notes, however, that at this early stage of discovery, there is no indication that Plaintiff has had an opportunity to depose Caruso or anyone else from ESIS. Regardless, Caruso's purported statement in the email—"we would like to get this taken care of sooner than later and I will work with you to see that we can get it done as soon as possible,"— does not change the Court's analysis with respect to the statute

of limitations.  Even considered with the other representations that Plaintiff alleges, these statements constitute "negotiations looking toward an amicable settlement" and do not warrant tolling the statute of limitations.  *See Miller,* 481 S.W.2d at 22.

**IV. CONCLUSION**

For the foregoing reasons, the motions for summary judgment of Defendant PRG, [DE 16], and Defendant ESIS [DE 17], are **GRANTED.**

This the 9th day of October, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge